# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: December 10, 2018

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| MARGARET MARSH | * | UNPUBLISHED |
| | * | |
| | * | Case 16-1532V |
| Petitioner, | * | |
| | * | Chief Special Master Dorsey |
| v. | * | |
| | * | Reasonable Attorneys' Fees and Costs |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

Jeffrey S. Pop, Jeffrey S. Pop & Associates, Beverly Hills, CA, for petitioner.
Colleen C. Hartley, United States Department of Justice, Washington, DC, for respondent.

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On November 16, 2016, Margaret Marsh ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program[2] ("the Program"). Petitioner alleged that as a result of an influenza ("flu") vaccine administered on November 27, 2013, she suffered from chronic inflammatory demyelinating polyneuritis ("CIDP"). Petition at 1. Petitioner at ¶73-74. On September 19, 2018, the parties filed a stipulation recommending an award of

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1-34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

1

compensation to petitioner, which the undersigned adopted as her decision awarding damages on September 20, 2018.

On October 4, 2018, petitioner filed a motion for attorneys' fees and costs, requesting compensation for the attorneys and law clerks who worked on their case. Motion for Attorney Fees and Expenses ("Fees App.") (ECF No. 141). Specifically, petitioner request $38,890.00 in attorneys' fees to compensate their attorney of record, Mr. Jeffrey Pop, and others at Mr. Pop's firm. Fees App. at 4. Petitioner also requests $6,011.63 in attorneys' costs. Fees App. at 4-5. Thus, petitioner requests a total of $44,901.63. Pursuant to General Order No. 9, petitioner represents that she has not personally incurred any expenses in pursuit of this litigation. Fees App. Ex. 5 at 1. Respondent filed his response on October 4, 2018, indicating that he did not oppose petitioner's motion because he believed the statutory requirement for attorneys' fees had been met in the instant case.

For the reasons discussed below, the undersigned GRANTS petitioner's motion and awards $44,901.63 in attorneys' fees and costs.

I. Discussion

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. at §15(e)(1). Because compensation was awarded to petitioner, the undersigned finds that she is entitled to an award of reasonable attorneys' fees and costs.

a. Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Human Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the

special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing the petitioner notice and opportunity to respond. See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of petitioners' fee application when reducing fees. Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended. Wasson v. Sec'y of Health and Human Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991) rev'd on other grounds and aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." Saxton, 3 F.3d at 1521.

### i. Reasonable Hourly Rates

Petitioner requests the following rates of compensation for her counsel: for Mr. Jeffrey Pop, $420.00 per hour for work performed from 2016-2018, and for Ms. Kristina Grigorian, $250.00 per hour for work performed from 2016-2018. Fees App. Ex. 2 at 2. Petitioner also requests that law clerks who worked on the case be compensated at $125.00 per hour for all work performed. Id. The requested rates are consistent with what the undersigned and other special masters have previously awarded attorneys at Mr. Pop's firm for their work. See Black v. Sec'y of Health & Human Servs., No. 16-1189V, 2018 WL 5276582 (Fed. Cl. Spec. Mstr. Sept. 10, 2018); Morrison v. Sec'y of Health & Human Servs., No. 16-526V, 2017 WL 6889720 (Fed. Cl. Spec. Mstr. Nov. 28, 2017); Contreras-Rodriguez v. Sec'y of Health & Human Servs., No. 05-626V, 2018 WL 3989507 (Fed. Cl. Spec. Mstr. July 2, 2018). Accordingly, no adjustment is required for the requested rates.

### ii. Reasonable Hours Expended

Petitioner requests compensation for 92.2 total hours billed by Mr. Pop and his associates. Fees App. Ex. 1 at 2. Petitioner has submitted adequate billing logs listing the date, amount of time, individual, and the nature of each task. The undersigned has reviewed the billing records and does not find any entries to be objectionable, and Respondent has not objected to any particular entry either. Accordingly, the undersigned finds the hours expended on this matter to be reasonable. Petitioner is therefore entitled to the full amount of attorneys' fees sought, $38,890.00.

### b. Attorneys' Costs

Petitioner requests a total of $6,011.63 in attorneys' costs. The majority of this amount ($4,933.50) is for the services of Ms. Brook Feerick in preparing a life care plan for petitioner. Ms. Feerick billed a total of 25.3 hours at $195.00 per hour in reviewing petitioner's medical records and preparing the life care plan. The undersigned has previously found Ms. Feerick's rate to be reasonable. Contreras-Rodriguez, 2018 WL 3989507, at *4. The time billed in this matter also appears to be reasonable upon review. The undersigned thus reimburses this cost in full.

The remainder of the costs are for routine Vaccine Program expenses, such as obtaining medical records, postage, and the Court's filing fee. Petitioner has provided adequate documentation supporting all of these costs, and the undersigned shall reimburse them in full.

## II.   Conclusion

Based on the above analysis, the undersigned finds that it is reasonable to compensate petitioner and her counsel as follows:

| | |
|---|---|
| Requested attorneys' fees: | $ 38,890.00 |
| Requested attorneys' costs: | $ 6,011.63 |
| **Total Fees and Costs Awarded:** | **$ 44,901.63** |

**Accordingly, the undersigned awards a lump sum in the amount of $44,901.63, representing reimbursement for reasonable attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel of record, Mr. Jeffrey S. Pop.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Nora B. Dorsey**
Nora B. Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.